UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 10-10768

```
************************************
MARJORIE HEISER, ADMINISTRATRIX OF
THE ESTATE OF STEPHEN HEISER       *
        Plaintiff                  *
                                   *
        v.                         *
                                   *
THE UNITED STATES OF AMERICA       *
        Defendant                  *
************************************
```

## PLAINTIFF'S COMPLAINT

### (The Parties And Jurisdiction)

1. This action arises under the Federal Tort Claims Act, 28 U.S.C Section 1346 (b) and Section 2671, *et seq.*

2. The Plaintiff, Marjorie Heiser, is a resident of Newton, Massachusetts, the surviving spouse of the late Stephen Heiser, who died on or about December 18, 2008, and is the Legal Representative of the Estate of Stephen Heiser.

3. The Plaintiff, Marjorie Heiser, brings this action for wrongful death on behalf of the Estate, and on behalf of the survivors in her said capacity, pursuant to M.G.L. c. 229, § 1 and 2.

4. The Department of Veterans Affairs is an agency/department of the Defendant, The United States of America, and administers the VA Boston Healthcare System and VA Hospital located in West Roxbury, County of Suffolk, Commonwealth of Massachusetts.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

5.      Pursuant to 28 U.S.C. Section 2401 (b), on or about November 19, 2009, the plaintiff presented to the Department of Veterans Affairs on Standard Form 95, a claim for money damages in a "sum certain" for the wrongful death of her spouse, Stephen Heiser, and subsequently provided additional requested material from the Department. (Attached hereto as Exhibit A, Form 95).

6.      On April 19, 2010, the Department of Veterans Affairs, by certified mail, issued a final denial of the plaintiff's claims and subsequent settlement demand. (Attached hereto as Exhibit B).

## COUNT I

**(Marjorie Heiser v. The United States)**

**(Negligence)**

**(Wrongful Death Damages to the Estate of Stephen Heiser)**

7.      On or about March 28, 2008, the plaintiff's decedent, Stephen Heiser, was admitted to the West Roxbury Veteran's Administration Hospital on March 28, 2008, with an admitting diagnosis of, *inter alia*, left lung pneumonia.

8.      Because the medical providers were concerned about aspiration, on April 16, 2008 Mr. Heiser was placed on "NPO" (nothing by mouth).

9.      On the aforementioned date, April 16, 2008, a feeding tube was negligently placed by one of the defendant's medical care providers, agents, servants, employees, into the right mainstem bronchus rather than into the stomach, thereby resulting in the catastrophic complication caused by infusion of nutrients into Mr. Heisers' lungs.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

10. The tube remained in the bronchus, providing infusion, until some time on the next day, April 17, 2008, when Mr. Heiser became hypoxic, required emergency intubation, and was transferred to the Medical Intensive Care Unit.

11. As a result of the negligent placement of the feeding tube into his lungs, Mr. Heiser suffered a cascade of severe and ultimately fatal complications, including but not limited to an aspiration pneumonia, requiring a **permanent** need for ventilation through a surgically placed tracheotomy tube, sustained numerous infections, developed renal failure and progressive cardiopulmonary deterioration, all of which led to his ultimate death on December 18, 2008.

11. That the Defendant's agents, servants or employees' negligence, including but not limited to their negligent placement of the feeding tube into the decedent's lungs rather than his stomach, and their concomitant failure to determine in a timely manner through proper and appropriate diagnostic means, that the placement was incorrect, was a substantial and contributing factor in causing Mr. Heiser's death.

12. Had the feeding tube been properly placed on or about April 16, 2008, more likely than not Mr. Heiser would have survived.

13. As a direct and proximate result of the negligence of the defendant, the Estate of Stephen Heiser, pursuant to M.G.L. c. 229, §§ 2 and 6 is entitled to recover for:

    a. the reasonable funeral and burial expenses of the decedent,

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

      b.      the conscious pain and suffering of the decedent, prior to death; and

      c.      for other damages including medical expenses, to be shown at the time of trial.

WHEREFORE, the Plaintiff, Marjorie Heiser, Administrator of the Estate of Stephen Heiser, demands judgment against the Defendant for $500,000.00.

## COUNT II

**(Marjorie Heiser v. The United States)**

**(Negligence)**

**(Wrongful Death Damages to the Survivors/Next of Kin of Stephen Heiser )**

14.    Plaintiff incorporates herein each and every allegation of paragraphs one through thirteen as if fully stated herein.

15.    As a direct and proximate result of the negligence of the Defendant the survivors/next of kin of the Estate of Stephen Heiser, pursuant to M.G.L. c. 229, § 2, are entitled to recover for:

      a. compensation for the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent; and

      b. other damages to be shown at the time of trial.

WHEREFORE, the Plaintiff, Marjorie Heiser, Administrator of the Estate of Stephen Heiser, demands judgment against the Defendant for $500,000.00.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Dated: May 5, 2010

The Plaintiff,
By her attorney,
JOSEPH G. ABROMOVITZ, P.C.

s/Joseph G. Abromovitz

_____

Joseph G. Abromovitz
BBO#011420
858 Washington Street
Third Floor
Dedham, MA 02026
Phone: (781) 329-1080

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com